UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 07-102-HRW

**MARLENE C. FYFFE**,

                                              **PLAINTIFF,**

v.            **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,**        **DEFENDANT.**

    Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff filed her current application for disability insurance benefits on August 31, 2005, alleging disability beginning on December 5, 2001, due to "nerves /pain due to back problems / heart problems (Tr. 35, 44).

    This application was denied initially and on reconsideration. Plaintiff then

1

filed a request for hearing.

On January 18, 2007, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"). The proceedings were postponed so as to permit Plaintiff to obtain a representative (Tr. 235-243). The ALJ reconvened the hearing on April 2, 2007, wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony T. Michael, Jr., a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performs the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from

performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 7, 2007, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 58 years old at the time of the hearing decision. She has an 8th grade education.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined that although Plaintiff has the medically determinable impairments of hypertension, osteoarthritis and anxiety, these impairments do not limit her ability to perform basic work-related activities for a period of 12 consecutive months. Thus, The ALJ found Plaintiff to be not disabled at Step 2 of the sequential analysis (Tr. 11-15).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 27, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment

[Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

**A.     Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ incorrectly determined that she does not have a severe impairment.

In the alternative, Plaintiff seeks a remand for the consideration of new and material evidence pursuant to Sentence six of 42 U.S.C. §405(g).

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ incorrectly determined that she does not have a "severe" impairment. Specifically, Plaintiff maintains that the ALJ's determination is contrary to her treatment history and the notes of her treating physician, Dr. Dante Oreta.

A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to perform basic work activities. *See* 20 C.F.R. § 404.1520 ( c). In order to be deemed "severe," the claimant must have had the impairment for a period of twelve consecutive months or more. *See* 20 C.F.R. § 404.1520 (a)(4)(ii). Moreover, "[t]he mere diagnosis [of a condition] says nothing about the severity of the condition. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988) The pertinent inquiry is whether an impairment is *disabling*, not merely whether an impairment exists. Finally, it is the burden of the claimant to prove the severity of his impairments. *Higgs* 880 F.2d at 863 (6th Cir. 1988).

5

The ALJ determined that Plaintiff had hypertension, osteoarthritis and anxiety (Tr. 13).  However, neither Dr. Oreta's notes nor the notes of any other medical source  support a finding that Plaintiff's impairments restrict or limit her ability to perform basic work activity.  The record is devoid of abnormal findings or diagnostic test results.   Rather, the findings of record are at most, mild if not unremarkable.  Further, treatment for Plaintiff's back and heart problems has been conservative.  Plaintiff's hypertension  is well-controlled by medication, which belies its severity.

There is simply no evidence in the record that Plaintiff's medical impairments, alone or in combination, limit her ability to work.  Nor has Plaintiff carried her burden in demonstrating that her impairments limit her ability to work.  As such, the Court finds no error in the ALJ's determination at Step 2.

In the alternative, Plaintiff seeks a remand for the consideration of new and material evidence pursuant to Sentence six of 42 U.S.C. §405(g).   Plaintiff offers the report of a psychological evaluation by Roslyn Feierstein, Ph.D., dated December 21, 2007 (Docket No. 10-3).

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to

>incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, Plaintiff has wholly failed to show that the new evidence is material. Dr. Feierstein's evaluation took place almost a year after Plaintiff's date last insured of December 31, 2006. As such, the report cannot establish what limitations Plaintiff had, if any, prior to the expiration of her insured status. Therefore, it is not relevant and, thus, not material.

Even if the report pertained to the relevant time, the conclusions therein do not warrant remand. First, Dr. Feierstein's findings as to Plaintiff's education are not relevant to a finding of severity at Step 2. A "severe" impairment is a **medially** determinable impairment based upon **medical** evidence. *See* 20 C.F.R.

§§ 404.1508, 404.1520 (a)(4)(ii) (emphasis added). Indeed, the regulations specify that "age, education and work experience" are not relevant at Step 2. *See* 20 C.F.R. § 404.1520 ( c).

Similarly, Dr. Feierstein's remarks regarding Plaintiff's IQ scores do not establish "severity". Notably, Dr. Feierstein did not diagnose Plaintiff with a mental impairment based upon IQ scores or other academic achievement scores. Nor does her report demonstrate any change in Plaintiff's condition which may warrant remand. It does not alter the substantial evidence which support the ALJ's decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 11, 2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge